IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL TIMOTHY BRANDY JR.,

                Plaintiff,

  v.                                                OPINION and ORDER

MARQUETTE COUNTY JAIL,
MICHAEL L. KOWALSKI, DEPUTY BEAHM,        20-cv-502-jdp
and JOE STOLPA,

                Defendants.

Pro se plaintiff Michael Timothy Brandy Jr. alleges that officials from the Marquette County jail violated his constitutional rights in various ways. Because Brandy is proceeding in forma pauperis and because he is a prisoner suing government officials, I must screen his complaint under 28 U.S.C. §§ 1915 and 1915A and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who cannot be sued for money damages by law. In doing so, I accept his allegations as true, and I hold his complaint to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Brandy's complaint has three problems: (1) the complaint as a whole violates Federal Rules of Civil Procedure 18 and 20 because Brandy's claims belong in separate lawsuits; (2) some of his allegations violate Federal Rule of Civil Procedure 8 because they are too vague to state a claim; and (3) Brandy names an institutional defendant but he does not state a claim for institutional liability. I will give Brandy a short deadline by which to choose which claims he would like to pursue in this lawsuit and to supplement his allegations, if necessary.

ANALYSIS

Brandy is an inmate at the Marquette County jail. His complaint discusses seven separate incidents that have occurred during his confinement there.

1) On an unspecified date in April 2020, defendant Joe Stolpa, a deputy at the jail, brought his dog into Brandy's cell and threatened to have it bite Brandy if he refused to lie on his bunk.

2) On May 27, 2020, defendant Michael Kowalski, a captain in the sheriff's office, kicked Brandy and tased him on his back, allegedly because Brandy is the only Black person at the jail. After the attack, Brandy was provided with no medical care.

3) Brandy alleges that for three days straight (he doesn't give the precise dates), other inmates in the jail repeatedly called him a racial slur. Brandy reported this to jail authorities (he doesn't say who), but they did nothing to stop it.

4) Defendant Beahm, another deputy, has been putting him in lockdown, without any legitimate basis, because of Brandy's race.

5) Jail staff feed Brandy very small food portions on which he can "barely stay alive." Dkt. 1, at 3.

6) Brandy alleges that an unspecified captain at the jail has interfered with his "due process rights in [his] probation process" because that captain is a "radical racist." *Id.* Brandy doesn't explain what exactly that interference entailed, or how he knows that the interference was based on Brandy's race.

7) Unspecified jail staff refused to give Brandy his account information because he is indigent. Brandy doesn't explain what account he means or why he needed the information for it.

These allegations present several problems, which I address below.

**A. Unrelated claims against numerous defendants**

Brandy's allegations encompass several apparently unrelated incidents involving different jail officials. The Federal Rules of Civil Procedure prevent him from bringing all of these claims in one lawsuit.

Under Federal Rule of Civil Procedure 20, joining multiple defendants into one case is appropriate only if the claims against the defendants arise from the same core events. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Rule 18, a plaintiff may assert all the claims he has against a single opposing party. But a plaintiff may not join two cases involving unrelated claims asserted against different groups of defendants. That is, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 607.

Brandy's complaint alleges (1) an excessive-force incident in April 2020 involving defendant Stolpa; (2) a separate excessive-force incident in May 2020 involving defendant Kowalski, followed by inadequate provision of medical care; (3) racist verbal harassment by inmates that went unchecked by jail staff; (4) racially discriminatory treatment by defendant Beahm; (5) constitutionally inadequate food portions; (6) racially motivated interference in Brandy's probation proceedings; and (7) denial of access to certain information based on Brandy's inability to pay. These allegations involve different defendants and arise out of different sets of events. Although many of them implicate allegations of racial bias, that common theme alone is not enough to permit joinder under Rule 20. *See Williams v. Raemisch*, No. 09-cv-485-bbc, 2009 WL 3245916, at *3 (W.D. Wis. Oct. 5, 2009) (plaintiff's assertion that the otherwise unrelated incidents alleged in complaint were the product of an institution-

wide policy of racism was insufficient to permit joinder under Rule 20).

Brandy will need to identify one lawsuit to proceed with under this case number. If he wishes to pursue additional unrelated claims, he will need to file them as separate cases. To assist Brandy in this task, I will lay out the various potential federal lawsuits that might relate to his allegations.

**B. Possible claims**

Of the seven incidents Brandy alleges in his complaint, four state possible claims for relief under 42 U.S.C. § 1983, one fails to state a claim, and the remaining two are too vague for me to determine whether they might state possible claims.

### 1. Allegations that state possible claims under § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must at a minimum allege the violation of a right protected by the Constitution or laws of the United States. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (reciting the elements required to make a claim under § 1983). Brandy makes four allegations that could potentially state claims under § 1983 and serve as the basis for a federal lawsuit:

> Lawsuit 1: In April 2020, defendant Stolpa violated Brandy's Fourteenth Amendment right to be free from excessive force when he threatened to have his dog bite Brandy.[1]

> Lawsuit 2: On May 27, 2020, defendant Kowalski violated

---

[1] It is not clear from Brandy's allegations whether he is detained in the Marquette County jail pending a probation revocation or a further criminal prosecution. This distinction may potentially affect the constitutional basis of Brandy's excessive force, medical care, and conditions-of-confinement claims. For convicted prisoners, such claims arise under the Eighth Amendment, whereas for pretrial detainees, they arise under the Fourteenth Amendment. Courts have so far avoided deciding which standard applies to probationers awaiting a hearing on a probation violation. *See, e.g., Palmer v. Marion Cty.*, 327 F.3d 588, 592–93 (7th Cir. 2003). For purposes of this order, I have assumed that the Fourteenth Amendment rather than the Eighth Amendment applies.

> Brandy's Fourteenth Amendment right to be free from excessive force, as well as his Fourteenth Amendment right to equal protection, when he kicked and tasered Brandy on account of his race. Other defendants, who Brandy hasn't yet identified, then violated Brandy's Fourteenth Amendment right to adequate medical care for the injuries he sustained in the excessive-force incident.
>
> Lawsuit 3: Defendant Beahm violated Brandy's right to equal protection under the Fourteenth Amendment by repeatedly putting Brandy on lockdown because of his race.
>
> Lawsuit 4: Defendants who Brandy hasn't yet identified violated his Fourteenth Amendment right to humane conditions of confinement by failing to provide him with adequate food.

To pursue one of these lawsuits under this case number, Brandy will need to file a supplement to his complaint by the date identified at the end of this order that identifies which lawsuit he has selected. If he chooses lawsuit number 2 or lawsuit number 4, he will need to provide supplemental allegations naming the unidentified defendants responsible for the deprivation in question. If Brandy does not know the names of the individual persons involved, he may label them as John Doe #1, John Doe #2, and so on. The court has procedures by which he may make discovery requests to identify those defendants later on.

If Brandy wishes to pursue more than one of these claims, he will need to litigate them as separate cases. In his supplement, Brandy should indicate whether he would like to pursue additional claims and, if so, which ones. He should also provide supplemental allegations regarding the identities of the individual defendants, as discussed above. I will then direct the clerk of court to open one or more additional cases for those claims. Brandy should bear in mind that he will need to pay separate filings fees for each additional lawsuit, and that he will need to litigate each suit individually. He should consider carefully whether he will be able to litigate multiple suits at the same time.

5

**2. Allegations that fail to state a claim for relief**

Brandy's allegation that jail officials took no action in response to his complaint that other inmates were calling him a racial slur fails to state a claim for relief under § 1983. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (2000); *see also Lisle v. Welborn*, 933 F.3d 705, 717–18 (7th Cir. 2019) (discussing the type of extreme scenarios in which verbal harassment might rise to the level of cruel and unusual punishment). Here, Brandy alleges that his fellow inmates called him a racial slur over the course of three days. This conduct is reprehensible, but it is not the kind of extreme harassment that might give rise to a constitutional violation. Because the underlying conduct states no claim, it follows that jail officials cannot be held liable for failure to intervene when Brandy complained. *See, e.g., Mays v. Ill. Dep't of Corr.*, No. 16-cv-1307, 2017 WL 57794, at *3 (S.D. Jan. 5, 2017).

**3. Allegations too vague to state a claim**

Brandy's other two allegations—that an unspecified captain interfered with his probation process for racially discriminatory reasons, and that unspecified jail staff refused to provide Brandy with his account information because he is indigent—are too vague to allow me to determine whether they might state potential claims. Under Federal Rule of Civil Procedure 8, a complaint must provide "a short and plain statement of the claim showing that [he] is entitled to relief." The allegations "must be simple, concise, and direct." The primary purpose of these rules is to provide fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is

y

alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993)).

If Brandy would like to use this case number to pursue one of these two claims, or if he would like to pursue one or both of these claims under separate case numbers, he will need to spell out his allegations more clearly so that I can determine whether he states a claim for relief. In the supplement to his complaint described above, Brandy should (1) indicate whether he wishes to pursue claims based on one or both of these allegations, and, if he does, he should (2) provide supplemental allegations that clarify the nature of his claims. Brandy should draft any supplemental allegations as if he were telling a story to people who know nothing about his situation. He should state simply (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what specific relief he wants the court to provide.

**C. Institutional defendant**

The first defendant that Brandy names in the caption of his complaint is the Marquette County jail, which is an institution rather than an individual. But most federal constitutional claims under § 1983 have to be brought against the individual person who violated the plaintiff's rights. An institution can be liable for the actions of its employees only if the violations were caused by an official policy or custom, or if they were perpetrated by an official with final policy-making authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1971). Brandy does not allege that any of the actions he describes in his complaint fit these conditions, so I will dismiss the jail defendant from the case.

If Brandy believes that one or more of his allegations state a claim against the county under the theory of liability established in *Monell*, he must explain in his supplement which

constitutional violations, if any, fit these conditions. Otherwise, he must name only individual jail employees as defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Michael Brandy Jr.'s complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20. Brandy may have until August 13, 2020, to file a supplement to his complaint that (1) identifies which of the possible lawsuits identified above he wishes to proceed with under the case number; (2) indicates whether he wishes to pursue additional claims as separate cases; and (3) corrects the pleading defects identified in this order, if necessary.

2. If Brandy does not file a supplement by August 13, 2020, I will enter an order dismissing this case.

3. Defendant Marquette County jail is DISMISSED from the case.

Entered July 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge